UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LATROY SANDERS,                )
                             )
        Petitioner,        )
                             )
     vs.                )     Case No. 4:19CV3341 RHH
                             )
DORIS FALKENRATH[1],    )
                             )
      Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner LaTroy Sanders' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The petition is fully briefed and ready for disposition.

Petitioner originally was charged with 32 criminal offenses.   Four charges were dismissed pre-trial as time barred.   Petitioner went to trial on the rest, and the State court granted his motion for judgment of acquittal at the close of all evidence as to two counts.   On October 2, 2014, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of three counts of first-degree statutory rape (Counts I, II, XI); three counts of first-degree statutory sodomy (Counts III, IV, VI); one count of forcible rape (Count XIII); one count of first-degree child molestation (Count XV); six counts of second-degree statutory sodomy (Counts XVIII, XIX, XX, XXI, XXII, XXIII); six counts of incest (Counts VIII, IX, XVI, XXIV, XXV, XXVI); one count of second-degree child molestation (Count XXVII); and one count of second-degree

---

1 Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri.   Doris Falkenrath is the Warden and proper party respondent.   *See* 28 U.S.C. § 2254, Rule 2(a).   Because Petitioner is challenging a future consecutive sentence, Andrew Bailey, the Attorney General of Missouri, is also a proper respondent.   *See* 28 U.S.C. § 2254, Rule 2(b).

– 1 –

sexual misconduct (Count X).[2]   On December 11, 2014, Petitioner was sentenced as a prior and persistent offender to a total term of life imprisonment plus thirty years' imprisonment.

The Missouri Court of Appeals reversed in part, and remanded for the trial court to vacate Petitioner's convictions on Counts XXV and XXVI, and to correct the written judgment to reflect the oral sentence pronounced for Count XVI.   *State v. Sanders*, 481 S.W.3d 907 (Mo. App. 2016).   The Court of Appeals affirmed Petitioner's convictions and sentences in all other respects.

On remand from the Missouri Court of Appeals, the circuit court entered an Amended Judgment sentencing Petitioner to concurrent sentences of life imprisonment on Counts I, II, III, IV, VI, XI, XIII, and XV; seven years' imprisonment on Counts VIII, IX, and XVI; and six months' imprisonment on Count X.   The court also sentenced Petitioner to fifteen years' imprisonment on Count XVIII, to be served consecutively to the first set of concurrent sentences. Finally, the court sentenced Petitioner to concurrent terms of fifteen years for Counts XIX, XX, XXI, XXII, and XXIII; seven years for Count XXIV; and one year for Count XXVII, with said terms to be served consecutively to both the first set of concurrent sentences and the consecutive fifteen-year sentence.   Petitioner's sentence thus remains life imprisonment plus thirty years.

Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing.   The Missouri Court of Appeals affirmed the denial of post-conviction relief.   *Sanders v. State*, 565 S.W.3d 253 (Mo. App. 2019).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri.   In the instant petition for writ of habeas corpus, Petitioner raises the following

---

2 Petitioner was found not guilty of two counts of first-degree statutory sodomy (Counts V, XIV); one count of first-degree statutory rape (Count XII); and one count of incest (Count XVII).

– 2 –

four claims for relief:

(1)     That the trial court erred in denying Petitioner's motion for judgment of acquittal at the close of all evidence, as the evidence was insufficient to support two of the counts of incest;

(2)     That the trial court abused its discretion in admitting evidence of uncharged incidents in which Petitioner allegedly beat J.S. with a belt and physically harmed his then-wife;

(3)     That Petitioner received ineffective assistance of counsel, in that trial counsel failed adequately to argue that the offenses in which G.O. was the victim were improperly joined with the offenses in which J.S. was the victim; and

(4)     That Petitioner received ineffective assistance of counsel, in that appellate counsel failed to allege the trial court erred in overruling Petitioner's motion to sever the offenses.

The Court will address the claims in turn.

## **DISCUSSION**

## I.     **Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in denying Petitioner's motion for judgment of acquittal at the close of all evidence, as the evidence was insufficient to support two of the counts of incest.  (§ 2254 Petition, P. 10).  Petitioner alleges that with respect to Counts XXV and XXVI, the State failed to prove beyond a reasonable doubt that deviate sexual intercourse occurred, or that the charged acts even constituted deviate sexual intercourse.

As noted above, on direct appeal the Missouri Court of Appeals reversed in part, and remanded for the trial court to vacate Petitioner's convictions on Counts XXV and XXVI.  The Missouri Court of Appeals stated as follows:

> Defendant argues that the State did not carry its burden of evidence on Counts 25 and 26, both counts of felony incest that depend on the State proving that "deviate sexual intercourse" occurred. The statutory definition of deviate sexual intercourse broadened in 2006, and according to Defendant the evidence did not

> support a finding that his pre-2006 acts would have fit the contemporaneous definition. As a result, Defendant asserts the trial court plainly erred by giving jury instructions based on the newer definition. Because the State concedes these issues, and we find Defendant's points valid, we need not address them on the merits. We reverse Defendant's convictions on Counts 25 and 26 and remand for the trial court to vacate the sentences imposed on those counts.

(Resp. Exh. E, P. 5).   The trial court complied with the directive, and dismissed the two counts.

Under these circumstances, the Court agrees with Respondent that the claim raised in Ground 1

of Petitioner's § 2254 motion must be denied as moot.

## II.   **Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts the trial court abused its

discretion in admitting evidence of uncharged incidents in which Petitioner allegedly beat J.S.

with a belt and physically harmed his then-wife.   (§ 2254 Petition, PP. 11).   Petitioner raised

this claim on direct appeal, and the court denied the claim as follows:

> We review Defendant's challenge to the admissibility of evidence for a clear abuse of discretion. State v. Forrest, 183 S.W.3d 218, 223 (Mo. banc 2006). The trial court abuses its considerable discretion when its ruling is clearly against the logic of the circumstances and is so unreasonable that it indicates a lack of careful consideration. State v. Johnson, 456 S.W.3d 497, 502 (Mo. App. E.D. 2015). We will reverse only if the defendant shows both error and prejudice, where prejudice means a reasonable probability that the error affected the trial's outcome. Id.

> Over objection, the trial court admitted testimony from J.S. that Defendant struck her with a belt. Counsel had objected on due process grounds that evidence of the belt incident would amount to being tried for an uncharged offense, and on relevance. Similarly, the trial court overruled Defendant's relevance objection to Wife's testimony that Defendant had physically hurt her. Defendant assigns error to both rulings.

> The general rule concerning the admission of evidence of uncharged crimes, wrongs, or acts is that prior uncharged misconduct is inadmissible for the purpose of showing a defendant's propensity to commit such acts. State v. Miller, 372 S.W.3d 455, 473 (Mo. banc 2012). There are several exceptions. Such evidence may be admissible if it tends to establish motive, intent, the absence of mistake or accident, a common scheme, or the identity of the person charged with committing the crime. Id. Further, evidence of uncharged crimes that are part of the circumstances of the sequence of events surrounding the charged offense may

– 4 –

be admissible to present a complete and coherent picture of the events that transpired. Id. at 474. This balancing of prejudicial effect and probative value lies within the trial court's sound discretion. Id.

The discretionary balancing between probative value and prejudicial effect also informs the question of relevance. Under Missouri law, relevance has two tiers: logical relevance and legal relevance. State v. Anderson, 76 S.W.3d 275, 276 (Mo. banc 2002). Logical relevance has a very low threshold; evidence is logically relevant if it tends to make the existence of a material fact more or less probable. Id. at 276–77. Legal relevance, though, is a determination of the balance between the probative and prejudicial effect of the evidence. State v. Girardier, --- S.W.3d ----, 2015 WL 8230969, at *7 (Mo. App. E.D. 2015).

Evidence of bad acts may be admissible to explain a witness's delay in reporting a matter to the police. Miller, 372 S.W.3d at 474. In Miller, a sex abuse victim testified that the defendant had, on occasion, physically abused the victim, her mother, and her brothers. Id. Similarly, in Sprofera, a victim testified that the defendant shoved her mother into [the] wall and broke a mirror. State v. Sprofera, 372 S.W.3d 17, 20 (Mo. App. W.D. 2012). In both cases, admitting the testimony was within the trial courts' discretion because the testimony was probative in explaining the victim's fear and the delay in reporting the abuse. Miller, 372 S.W.3d at 474; Sprofera, 372 S.W.3d at 20.

Here, the trial court admitted Daughter's testimony for that very reason: her fear of Defendant based on an uncharged beating helped explain her delay reporting the charged offense. As to Wife's testimony, she acknowledged that Defendant hurt her, then immediately testified that none of the children who lived with Defendant ever "let their guard down" around him. Such statements bolster Daughter's testimony that she hesitated to come forward because Defendant "beat the crap out of [her] stepmom . . . a lot," and supports Stepdaughter's testimony that she was afraid of Defendant. Wife's testimony bears on the credibility of the victims' testimony and tends to give a complete and coherent picture of the events that transpired. See State v. Primm, 347 S.W.3d 66, 71 (Mo. banc 2011) (uncharged misconduct relevant because it accounted for delay in reporting sexual misconduct to the authorities thereby providing factfinder with complete and coherent picture of events).

Admitting the challenged testimony was not an abuse of discretion. Accordingly, there is no showing the trial court's rulings were clearly against the logic of the circumstances and were so unreasonable as to indicate a lack of careful consideration. Point denied.

(Resp. Exh. E, PP. 8-10).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in

pertinent part as follows:

– 5 –

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

With limited exceptions, "[t]he admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief[.]"  *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir.), *cert. denied*, 513 U.S. 834 (1994).  Consequently, "[w]hen a petitioner's federal habeas corpus claim is based upon a theory which can be determined as a matter of state law, the federal court is bound by a state court's interpretation of state law."  *Id.* (citation omitted).  A federal court may grant habeas relief, however, when the state court's evidentiary ruling "infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process."  *Id.* (internal quotation marks and citation omitted).

In his habeas petition, Petitioner argues that the introduction of this evidence violated his right to due process of law.  To establish that the admission of evidence somehow constituted a due process violation, Petitioner would have to show that it rendered the entire trial fundamentally unfair.  *Harris v. Bowersox*, 184 F.3d 744,752 (8th Cir. 1999), *cert. denied*, 528 U.S. 1097 (2000).  Petitioner has not and cannot show this.  Instead, the evidence regarding Petitioner's physical abuse of J.S. and Petitioner's then-wife was admissible under federal law as intrinsic evidence used to provide context for the charged crime.  *See United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (internal quotation marks and citation omitted) (recognizing that intrinsic evidence is admissible as an exception to Federal Rule of Evidence 404(b) because

– 6 –

it "completes the story or provides a total picture of the charged crime"). Furthermore, the presence of other evidence supporting guilt removed any prejudice from the admission of the evidence at trial. The State courts' ruling thus was not an unreasonable determination in light of the evidence presented in State court, and so there was no due process violation in this regard. Ground 2 of Petitioner's § 2254 Petition must therefore be denied.

## III.   <u>Ground 3</u>

In Ground 3 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed adequately to argue that the offenses in which G.O. was the victim were improperly joined with the offenses in which J.S. was the victim.  (§ 2254 Petition, PP. 12).  Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

<u>FINDINGS OF FACT</u>

2.     The alleged victims were movant's[3] daughter and step-daughter, and the crimes occurred between 2004 and 2010.

3.     A motion to dismiss improperly joined counts or to sever the counts involving movant's daughter from counts involving his step-daughter was denied prior to movant's trial….

11.    Matt Shellenbergar, movant's trial attorney, testified at the evidentiary hearing that the defense at trial was that the children were lying.  Mr. Shellenbergar testified that he argued the point, with regard to severance, that evidence of the crimes against one child could be used as to the other, but acknowledged he did not argue substantial prejudice because the jury might find it hard to believe both children would fabricate the charges.

<u>CONCLUSIONS OF LAW</u>

1.     To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney and that he was thereby prejudiced.  <u>Williams v. State</u>, 168 S.W.3d 433, 439 (Mo.

---

3 Petitioner is referred to as "movant" by the post-conviction motion court.

banc 2005); <u>Wilkes v. State</u>, 82 S.W.3d 925, 927 (Mo. banc 2002).  A movant bears a heavy burden when attempting to show that counsel was ineffective.  <u>Giammanco v. State</u>, 416 S.W.3d 833, 838 (Mo.App. E.D. 2013).  The movant must satisfy both the performance prong and the prejudice prong.  <u>State v. Boyce</u>, 913 S.W.2d 425, 429 (Mo.App. E.D. 1996)….

5.      Movant's final claim is that his trial counsel was ineffective for failing to argue that the counts should be severed because jurors would be likely to be biased against him and would find it hard to believe that both child victims would fabricate "such horrible allegations of sexual abuse…"

        Whether to file a motion to sever is part of a counsel's strategy which will not be second guessed on appeal, and there is a presumption that the strategy was sound.  <u>State v. Townes</u>, 941 S.W.2d 756, 759 (Mo.App. E.D. 1997).  The movant must allege facts or evidence which would have provided a basis for a motion to sever.  <u>Workes v. State</u>, 751 S.W.2d 414, 416 (Mo. App. 1988).

        Rule 24.07 states that if the charges were properly joined, which they were here, severance is proper if:  (a) a party files a written motion requesting a separate trial of the offenses; b) the party makes a particularized showing of substantial prejudice if the offenses are not tried separately; and c) the court finds the existence of a bias or discrimination against the party that requires a separate trial of the offenses.  In deciding whether to sever the charges this Court should determine whether prejudice to the defendant would result from joinder of all offenses in a single trial by considering the number of offenses charged, the complexity of the evidence to be offered and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.  <u>State v. Antwine</u>, 749 S.W.2d 51, 57 (Mo. banc 1987).  Severance is not necessary if it appears that the jury can readily distinguish the evidence pertaining to each count or to each victim.  <u>State v. Conley</u>, 873 S.W.2d 233, 238 (Mo. banc 1994).  Severance is not mandated merely because evidence relating to one count may not be admissible in a trial of other counts if the counts are tried separately.  <u>State v. Howton</u>, 890 S.W.2d 740, 745 (Mo.App. W.D. 1995).

        Here, movant speculates that a jury would necessarily be biased against a defendant where there are two victims, but counsel has not cited any case where an appellate court reversed convictions on that basis.   This claim is without merit.

(Resp. Exh. J, PP. 54, 56-57, 59-60).   Movant advanced the claim on appeal from the denial of

his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

        In his first point on appeal, Appellant contends the motion court clearly erred in denying his post-conviction motion because he proved by a preponderance of the evidence that he was denied his rights to due process of law and effective assistance of counsel in that trial counsel failed to properly argue in

his motion to dismiss improperly joined counts, or in the alternative, for severance of offenses; and that even if the counts in which G.O. was the alleged victim were somehow properly joined with the counts in which J.S. was the alleged [] victim, the court should sever the counts because there would be substantial prejudice as well as bias or discrimination against Appellant if the counts were tried together. Appellant alleges but for trial counsel's ineffectiveness, there is a reasonable probability the outcome of his trial would have been different….

Both of Appellant's points on appeal are based on his constitutional right to effective assistance of counsel. "A strong presumption exists that [] counsel was effective and an appellant bears a heavy burden of overcoming that presumption by a preponderance of the evidence." Storey v. State, 175 S.W.3d 116, 125 (Mo. banc 2005), quoting State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996). To be entitled to post-conviction relief, Appellant must demonstrate that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and as a result, Appellant was prejudiced by trial counsel's deficient performance. Worthington, 166 S.W.3d at 572-73, citing Strickland v. Washington, 466 U.S. 688, 687-88, 104 S.Ct. 2052 (1984). "If either the performance prong or the prejudice prong is not met, then we need not consider the other, and [Appellant's] claim of ineffective assistance of counsel must fail." Dawson v. State, 315 S.W.3d 726 (Mo. App. W.D. 2010), citing Strickland, 466 U.S. at 687.

"To satisfy the performance prong, [Appellant] must 'identify trial counsel's specific acts or omissions that were not in conformance with the range of competent representation, or that were the result of unreasonable professional judgment.'" Dawson, 315 S.W.3d at 731, quoting State v. Williams, 205 S.W.3d 300, 305 (Mo. App. W.D. 2006). Appellant "must overcome the presumption that any challenged action was sound trial strategy." Dawson, 315 S.W.3d at 731, citing Strickland, 466 U.S. at 689-90.

To prove prejudice, Appellant must show a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. Worthington, 166 S.W.3d at 573. "Simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty." State v. Williams, 205 S.W.3d 300, 305 (Mo. App. W.D. 2006), quoting Johnson v. State, 189 S.W.3d 640, 645 (Mo. App. W.D. 2006)….

Moving to Appellant's first point on appeal, he claims the motion court erred in overruling his claim trial counsel was ineffective for failing to make a particularized showing of substantial prejudice to support why the counts should be tried separately. Appellant claims had trial counsel made this argument properly, the trial court would have been obligated to grant the motion to sever the offenses.

At the evidentiary hearing, trial counsel testified—and the record confirms—he did argue in his motion to sever that "joinder of [the] offenses would result in substantial prejudice to defendant because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge."

Following the evidentiary hearing, the motion court held Appellant failed to establish he was entitled to relief, relying on Rule 24.07 in denying Appellant's post-conviction motion.  Rule 24.07 states "[a]n offense shall be ordered to be tried separately only if [a] party files a written motion requesting a separate trial of that offense;…makes a particularized showing of substantial prejudice if the offense is not tried separately; and [t]he court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense."   The motion court also relied on <u>State v. Antwine</u>, 743 S.W.2d 51 (Mo. banc 1987), and stated:

> In deciding whether to sever the charges this Court should determine whether prejudice to the defendant would result from joinder of all offenses in a single trial by considering the number of offenses charged, the complexity of the evidence to be offered and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

The motion court found Appellant speculated that a jury would necessarily be biased against a defendant where there are two victims and noted Appellant did not cite any cases where such a basis warranted reversal.

Appellant claims the ruling of the motion court is clearly erroneous because he proved by a preponderance of the evidence his trial counsel was ineffective for failing to make a particularized showing of substantial prejudice to support why the counts should be tried separately.   Appellant claims had his trial counsel made the proper arguments, then the trial court would have been *obligated* to sever the offenses, and therefore he suffered prejudice.  However, "while joinder is either proper or improper under the law, the decision to sever is within the trial court's discretion."  <u>State v. Davis</u>, 825 S.W.2d 948, 954 (Mo. App. E.D. 1992).

Even if trial counsel did not make *any* argument for severance, "[t]he mere failure to request a severance does not establish prejudice unless the appellant can show that it would have been an abuse of the trial court's discretion to deny a severance."  <u>Dawson</u>, 315 S.W.3d at 732, citing <u>State v. Hughes</u>, 787 S.W.2d 802, 804 (Mo. App. E.D. 1990); <u>Lytle v. State</u>, 762 S.W.2d 830, 836 (Mo. App. W.D. 1988).   "A motion to sever will be denied unless the defendant can make 'a particularized showing of substantial prejudice.'   Substantial prejudice is defined as 'a bias or discrimination against the defendant…which is actually existing or real and not one which is merely imaginary, illusionary or nominal.'"  <u>State v. Sims</u>, 764 S.W.2d 692, 697 (Mo. App. E.D. 1988), quoting Section 545.885.2.  Appellant "cannot demonstrate, and has not argued, that it would have been an

abuse of discretion for the trial court to deny [Appellant's'] motion to sever had trial counsel presented additional particularized support for the motion." Dawson, 315 S.W.3d at 732, citing Davis, 825 S.W.2d at 953.

   The motion court did not clearly err in denying Appellant's claim that trial counsel was ineffective for failing to argue the motion to sever in a manner differently than he did at trial. Appellant failed to prove he was prejudiced by trial counsel's failure to make a different argument. Appellant did not prove there was a reasonable likelihood that a different result would have been reached had trial counsel made a different choice.

(Resp. Exh. K, PP. 6-8, 13-15).

   Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

   Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

   Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the *Strickland* test. As noted above, Petitioner's trial counsel filed a motion to dismiss improperly joined counts, or in the alternative, for severance of counts, prior to the start of trial. (Resp. Exh. D, PP. 45-46; Exh. G, PP. 26-27). In his motion, trial counsel argued the jury likely

would consider the evidence of guilt on charges involving one of the alleged victims when determining charges involving the other victim.   (Resp. Exh. D, P. 46 ("Joinder of these offenses would result in substantial prejudice to defendant because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge.")).   Counsel further asserted that Petitioner "may wish to testify on some charges, but not the others."   (*Id.*).   With these statements, the Court finds trial counsel asserted a "particularized showing of substantial prejudice" in his request that the offenses be tried separately.   Counsel's failure to assert multiple or different bases also tending to demonstrate substantial prejudice did not render his performance "outside the wide range of professionally competent assistance."   *Strickland*, 466 U.S. at 690.

With respect to prejudice, the Court notes counsel's motion was addressed during the pretrial hearing, and ultimately denied by the trial court.   (Resp. Exh. A, PP. 14-21; Exh. D, P. 62).   Upon consideration of the record, the Court does not find evidence that the result of Petitioner's proceeding would have been different, had counsel asserted a different reason supporting a finding of substantial prejudice.   *Strickland*, 466 U.S. at 694.   Ground 3 of Petitioner's § 2254 petition must therefore be denied.

## IV.   <u>Ground 4</u>

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that appellate counsel failed to allege the trial court erred in overruling Petitioner's motion to sever the offenses.   (§ 2254 Petition, PP. 13).   Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

<u>FINDINGS OF FACT</u>

10.   Gwenda Renee Robinson, movant's appellate counsel, testified at the evidentiary hearing that she raised five grounds in the direct appeal.   When asked why she did not raise the severance issue, Ms. Robinson testified that she

– 12 –

considered it the weakest of the arguments she could make and she thought there was no merit to the claim.   Ms. Robinson said that based on her experience, such a claim is not usually successful on appeal.   Here, the charged acts were similar, the charges involved a daughter and step-daughter, and the crimes occurred in similar places. The new trial motion alleged movant suffered substantial prejudice by the charges being tried together in that the jury likely considered evidence of his guilt as to the charges against one victim as evidence of guilt as to the others, and Ms. Robinson said a claim that the jury might be biased against movant and find it hard to believe both children would fabricate the charges may not have been preserved for appeal.   Ms. Robinson acknowledged that one could seek plain error review of claims that were not preserved for appeal…

<u>CONCLUSIONS OF LAW</u>

2.      The standard for proving ineffective assistance of appellate counsel is a high one.   <u>Toten v. State</u>, 295 S.W.3d 896, 898 (Mo. App. S.D. 2009).   To support a claim of ineffective assistance of appellate counsel strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney would have recognized it and asserted it. <u>Tisius v. State</u>, 183 S.W.3d 207, 215 (Mo. banc 2006); <u>Johnson v. State</u>, 330 S.W.3d 132, 142 (Mo. App. W.D. 2010).   To be entitled to relief, movant must show that had appellate counsel raised the error, there is a reasonable probability that the outcome of the appeal would have been different.   <u>Wadlow v. State</u>, 439 S.W.3d 764, 770 (Mo. banc 2014).   Counsel does not have a duty to raise every issue asserted in the motion for new trial and no duty to present non-frivolous issues where counsel decides strategically to winnow out arguments in favor of other arguments.   <u>Ivory v. State</u>, 422 S.W.3d 503, 507 (Mo.App. E.D. 2014); <u>Storey v. State</u>, 175 S.W.3d 116, 148 (Mo. banc 2005).   Counsel is not ineffective for failing to raise unpreserved error.   <u>Ivory v. State</u>, 422 S.W.3d 503, 506 (Mo. App. E.D. 2014); <u>Melillo v. State</u>, 380 S.W.3d 617, 623 (Mo. App. S.D. 2012)….

4.      Movant's second claim is that his appellate counsel was ineffective for failing to raise the trial court's denial of a motion to sever the counts relating to each of the two victims based on improper joinder.

Rule 23.05 provides that,

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Liberal joinder of criminal charges is favored in the interest of judicial economy, and joinder is proper if one of the criteria in Rule 23.05 exists.   <u>State v.</u>

– 13 –

Chambers, 234 S.W.3d 501, 508 (Mo. App. E.D. 2007); State v. Bechhold, 65 S.W.3d 591, 595 (Mo.App. S.D. 2002).   The Court of Appeals in State v. McQuary, 173 S.W.3d 663 (Mo.App. W.D. 2005), said there is no constitutional right to be tried for one offense at a time.   The manner in which the crimes were committed should show that the same person is likely to have committed all of the crimes charged.   State v. Hyman, 37 S.W.3d 384, 393 (Mo.App. E.D. 2001). Among the factors to be considered in determining whether the tactics were similar in character are the similarity in the types of offenses, the commonality of the locations where the crimes took place and the closeness in time between the offenses.   State v. Love, 293 S.W.3d 471, 475 (Mo.App. E.D. 2009); State v. Reeder,  182  S.W.3d  569,  576-577  (Mo.App.  E.D.  2005).  The tactics in committing the crimes should be comparable or similar but need not be identical. State v. Woodson, 140 S.W.3d 621, 626 (Mo.App. S.D. 2004); State v. Hemme, 969 S.W.2d 865, 869 (Mo.App. W.D. 1998).

"If the manner in which the crimes were committed is so similar or the crimes are so related or similar that it serves as evidence the same person committed all the charged offenses, joinder is proper…Nonexclusive factors showing similar tactics include commission of the same type of offenses, victims of the same sex and age group, offenses occurring at the same location, and offenses closely related in time."   State v. Tolen, 304 S.W.3d 229, 235 (Mo. App. E.D. 2009).

The Court finds this claim is without merit, as appellate counsel articulated a valid reason for not raising the claim on appeal. It is clear from counsel's testimony that she considered the ground and decided it was a weak ground not likely to result in relief. The offenses here were properly joined based on the nature of the crimes and victims.

(Resp. Exh. J, PP. 55-59).   Movant advanced the claim on appeal from the denial of his 29.15

motion, and the Missouri Court of Appeals denied the claim as follows:

In his second point on appeal, Appellant contends the motion court clearly erred  in  denying  his  post-conviction  motion  because  he  proved  by  a preponderance of the evidence that he was denied his rights to due process of law and effective assistance of counsel, in that appellate counsel failed to assert on direct appeal that the trial court erred in overruling his motion to dismiss for improper joinder, or in the alternative, motion to sever offenses. Appellant alleges but for appellate counsel's ineffectiveness, there is a reasonable probability the outcome of his trial would have been different….

The standard for proving ineffective assistance of appellate counsel is a high one. Middleton v. State, 80 S.W.3d 799, 808 (Mo. banc 2002). "Appellate counsel is under no obligation to raise every issue asserted in the motion for new trial, and can make the strategic decision to remove frivolous claims not likely to

– 14 –

result in reversal in favor of putting forth stronger arguments." <u>Ivory v. State</u>, 422 S.W.3d 503, 507 (Mo. App. E.D. 2014).

At the evidentiary hearing on Appellant's post-conviction motion, appellate counsel testified she reviewed the record from the trial court to determine which issues to raise on appeal. She testified she raised five claims of trial court error. Appellate counsel was successful in getting at least two of Appellant's convictions set aside. Appellate counsel was questioned why she had not raised the issue regarding the motion to dismiss, or in the alternative, for severance of offenses in Appellant's case. Appellate counsel testified "based on [her] recollection, it would have been because of all the arguments that [she] could have presented, [she] believe[d] that was the weakest. [She] didn't think that it had much merit."

Based on this evidence, the motion court found Appellant's claim appellate counsel was ineffective was "without merit, as appellate counsel articulated a valid reason for not raising the claim on appeal." The motion court found it was "clear from [appellate] counsel's testimony that she considered the ground and decided it was a weak ground not likely to result in relief." The motion court also found that the offenses were properly joined based on the nature of the crime and victims.

Appellant contends the motion court's ruling is clearly erroneous because the trial court committed reversible error in denying Appellant's motion to dismiss, or in the alternative, for severance of offenses. Appellant alleges if the issue had been raised on direct appeal, this Court would have concluded joinder was improper, or if joinder was proper, severance was necessary. Appellant contends this Court would have reversed his conviction and remanded the case for two new separate trials on the counts involving G.O. and J.S.

To determine if appellate counsel was ineffective for failing to raise a claim on direct appeal, we review the claim to see if it would have required reversal had Appellant asserted it. See <u>Middleton</u>, 80 S.W.3d at 808, quoting <u>Moss v. State</u>, 10 S.W.3d 508, 514 (Mo. banc 2000) ("To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted ... "). "Appellate review of [] claims of improper joinder and refusal to sever requires a two-part analysis: first to determine whether joinder is proper as a matter of law, and then, if joinder is proper, to determine whether denial of the motion to sever constitutes an abuse of discretion." <u>State v. Hyman</u>, 37 S.W.3d 384, 393 (Mo. App. W.D. 2001).

Multiple offenses are properly joined in the same indictment or information if they are of the same or similar character. Rule 23.05; Section 545.140(1); <u>Hyman</u>, 37 S.W.3d at 393. "The use of similar or comparable tactics sufficiently establishes that the offenses are of a similar character for the purpose of joinder." <u>Id.</u> To determine if a defendant's tactics are similar in

character, the court looks at the following factors: similarity in the type of offenses; similarity in the victims' sex and age group; commonality of the location where the offenses took place; and closeness in time between the crimes. State v. Reeder, 182 S.W.3d 569, 576-577 (Mo. App. E.D. 2005).

Here, the offenses against G.O. and J.S. were of the same or similar character because they involved similar sexual offenses committed against Appellant's daughter and stepdaughter; both victims were minor females; the offenses all took place in the family home; and all of the crimes took place within a six-year time span, with some of the time span overlapping between the two victims. Because the offenses Appellant was charged with were of the same or similar character, joinder was proper.

Because joinder is proper, we must now review whether the trial court's denial of the motion to sever constitutes an abuse of discretion. Severance gives the trial court discretion to determine whether prejudice will occur if the offenses are tried together. State v. Tolen, 304 S.W.3d 229, 236 (Mo. App. E.D. 2009). "A trial court abuses its discretion if its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." State v. Scott, 548 S.W.3d 351, 364 (Mo. App. E.D. 2018).

Appellant relies on State v. Pasteur, and argues the trial court did not weigh the benefits of trying the offenses together against the potential prejudice to Appellant as required. 9 S.W.3d 689, 695 (Mo. App. S.D. 1999). However, "[i]n assessing whether Defendant was actually prejudiced by the trial court's refusal to sever the offenses for trial, the relevant issues are the number of offenses charged, the complexity of the evidence, and whether the trier of fact is able to distinguish the evidence and apply the law intelligently to each offense." Id. at 695. "If evidence relating to each offense is distinct and uncomplicated and the jury is properly instructed to return separate verdicts for each offense charged, the trial court does not abuse its discretion in denying a motion to sever." Tolen, 304 S.W.3d at 236.

Similar to Pasteur, here there were also two victims, each of whom testified coherently, and the facts surrounding each offense were easily distinguishable from the facts surrounding the other offenses. 9 S.W.3d at 695. Additionally, the record reflects the jury was instructed to consider each charged offense separately and return separate verdicts for each count. Tolen, 304 S.W.3d at 236. The record suggests the jurors were able to comply with that instruction, as Appellant was acquitted by the jury of several counts. See State v. Howton, 890 S.W.2d 740, 745 (Mo. App. W.D. 1995), citing State v. Hughes, 787 S.W.2d 802, 804 (Mo. App. E.D. 1990) ("The jury's verdict indicates its capacity to distinguish between the evidence and consider the offenses and the elements of each offense separately.").

Because the evidence relating to each offense was distinct and

– 16 –

uncomplicated, and the jury was properly instructed to return separate verdicts for each offense charged, the trial court did not abuse its discretion in denying a motion to sever. <u>Tolen</u>, 304 S.W.3d at 236. Therefore, because the claim would not have required reversal, appellate counsel was not ineffective for failing to raise it on direct appeal. See <u>Middleton</u>, 80 S.W.3d at 808.

Appellate counsel was under no obligation to raise every issue asserted in the motion for new trial, and was permitted to make the strategic decision to remove the claim in favor of putting forth stronger arguments. The motion court did not clearly err in finding Appellant did not receive ineffective assistance of appellate counsel for failure to assert on direct appeal that the trial court erred in overruling his motion to sever.

(Resp. Exh. K, PP. 7, 9-13).

"It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel on direct appeal." *Cole v. Dormire*, No. 4:08CV32 HEA-TCM, 2011 WL 1258249, at *14 (E.D. Mo. Jan. 20, 2011) (citing *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *Douglas v. California*, 372 U.S. 353, 357-58 (1963)). The proper standard for evaluating a claim of ineffective assistance of appellate counsel is that set forth in *Strickland*. *Id.* In other words, Petitioner must show that his appellate attorney's performance fell below the reasonable standard of competence, and that there is a reasonable probability that the result would have been different absent this deficient performance. *See Strickland*, 466 U.S. at 687; *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997).

"Appellate counsel is expected to winnow the issues on appeal to highlight the most meritorious issues and eliminate the sure losers." *Cole*, 2011 WL 1258249, at *14 (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Gee*, 110 F.3d at 1352; *Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994)). "An attorney's decision not to raise an unwinnable issue on appeal is an important strategic decision in competent appellate advocacy, and does not constitute ineffective assistance of appellate counsel." *McCord v. Norman*, No. 4:09CV428 TCM, 2012 WL 1080925, at *16 (E.D. Mo. Mar. 30, 2012) (citations omitted). Thus, "[i]f an issue an appellate

– 17 –

attorney failed to raise on appeal is not meritorious, then appellate counsel cannot be considered ineffective for having failed to argue that issue on appeal."  *Cole*, 2011 WL 1258249, at *14 (citations omitted).

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy the performance prong of the *Strickland* test.  The Court notes that during the evidentiary hearing on Petitioner's post-conviction motion, appellate counsel Gwenda Renee Robinson testified that prior to filing Petitioner's direct appeal, she reviewed the motion for new trial filed by trial counsel.  (Resp. Exh. G, P. 12-13, 15-16, 22-24).   When asked why she did not raise the issue regarding the motion to dismiss improperly joined counts or sever on appeal, she responded as follows:  "Based on my recollection, it would have been because of all the arguments that I could have presented, I believe that was the weakest.  I didn't think that it had much merit….[I]t's my experience that such claims do not frequently result in any type of relief on appeal when raised[.]"  (*Id.*, P. 17).   Ms. Robinson thus elected not to raise the issue on appeal, especially in light of the other issues she believed had a stronger chance of success.  (*Id.,* P. 24). The 29.15 motion court found Ms. Robinson's testimony to be credible, and that finding was not unreasonable in light of the evidence presented in state court. Under these circumstances, this Court finds Petitioner's appellate attorney properly exercised her discretion in winnowing issues for appeal, by considering the severance issue but ultimately rejecting it.[4]   Ground 4 of Petitioner's § 2254 petition must therefore be denied.

---

4 In light of the above ruling, the Court need not consider whether Petitioner established the requisite prejudice.

– 18 –

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.   A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).


Dated this 28th day of March, 2023.


_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE